IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| ROBERT L. GAVETT ) | |
| 1115 Cypress Court ) | |
| Breinigsville, PA 18031 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The United States of America, through undersigned counsel, complains and alleges as follows:

1.  This is a civil action in which the United States, seeks (1) to reduce to judgment certain federal income tax liabilities assessed against defendant Robert L. Gavett; (2) obtain a determination that Christian Management Company is the nominee and/or alter ego of Robert L. Gavett; and (3) foreclose federal tax liens and sell property owned by defendant Robert L. Gavett.

2.  This action has been authorized and requested by the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, and is brought at the direction of the Attorney General of the United States pursuant to Section 7401 of the Internal Revenue Code (Title 26, United States Code).

3.  Jurisdiction over this action is conferred upon this Court by Sections 1340 and 1345 of Title 28, United States Code, and by Section 7402 of the Internal Revenue

Code, in that this is a civil action arising under the internal revenue laws of the United States.

4.  Defendant Robert L. Gavett maintains an address at 1115 Cypress Court, Breinigsville, PA 18031.

## COUNT I
## REDUCE ASSESSMENTS TO JUDGMENT

5.  The United States incorporates herein by reference the allegations of paragraphs 1 through 4 above.

6.  On March 14, 1994, for the periods and on the dates shown below, a delegate of the Secretary of the Treasury of the United States made income tax assessments in the amounts listed below against the defendant Robert L. Gavett, as of March 1, 1999:

| Tax Year | Amount Assessed/ Unpaid Balance | Accrued Interest and Additions | Total Liability |
| --- | --- | --- | --- |
| 1980 | $16,549.45 | $ 2,305.03 | $ 18,854.48 |
| 1981 | $27,435.77 | $ 3,591.60 | $ 31,027.37 |
| 1982 | $32,280.17 | $ 4,203.76 | $ 36,483.93 |
| 1983 | $28,431.58 | $ 3,708.34 | $ 32,139.92 |
| 1984 | $17,571.29 | $ 2,350.75 | $ 19,922.04 |
| 1985 | $28,247.31 | $ 3,715.27 | $ 31,962.58 |
| 1986 | $14,815.18 | $ 1,957.32 | $ 16,772.50 |
| 1987 | $33,544.80 | $ 4,458.93 | $ 38,003.73 |
|  |  |  | $225,166.55 |

7. A delegate of the Secretary of the Treasury gave timely and proper notice of each assessment described in paragraph 6 to Robert L. Gavett and made demand for payment of each of those assessments.

8. Despite the notices and demands described in paragraph 7, Robert L. Gavett neglected, failed, or refused to pay the assessed liabilities described in paragraph 6.  As a result, there is now due and owing to the United States the amount of $225,166.55 plus statutory interest and additions accruing from March 1, 1999.

## COUNT II
### NOMINEE/ALTER EGO

9. The allegations contained in paragraphs 1 through 8 above are incorporated herein.

10. On July 30, 1989, Robert Gavett and his wife, Rosemarie Gavett purchased a double-wide mobile home for $60,000.  Rosemarie Gavett died on December 14, 1995.

11. On the mobile home purchase agreement, the buyers were listed as "Robert L. & Rosemarie Gavett for Christian Management Company."

12. On October 11, 1989, the Pennsylvania Department of Motor Vehicles issued a certificate of title for the mobile home which listed the owner as "Christian Management Company."

13. Christian Management Company is not incorporated in Pennsylvania or New Jersey.

14. Defendant Robert L. Gavett does not conduct a business as "Christian Management Company."

15. By information and belief, the United States asserts that Christian Management Company is a fictitious entity.

16. Any interest held by Christian Management Company in the mobile home described in paragraph 10 is held by it as a nominee and/or alter ego of Robert L. Gavett, who is the true beneficial owner of such property.

## COUNT III
## LIEN FORECLOSURE

17. The allegations contained in paragraphs 1 through 16 above are incorporated herein.

18. On March 14, 1994, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 and attached to all property and rights to property then belonging to Robert L. Gavett.

19. On March 30, 1998, a notice of the federal tax lien was filed against Robert L. Gavett with the Recorder of Deeds of Lehigh County, Pennsylvania.

20. On August 24, 1998, the notice of federal tax lien was amended and refiled against Robert L. Gavett and Christian Management as the nominee of Robert L. Gavett.

21. As a result of the foregoing, the federal tax liens described in paragraph 18, 19, and 20 attached to the subject property described in paragraph 10 on March 14, 1994 because such property constitutes property belonging to Robert L. Gavett.

WHEREFORE, the United States prays:

A. That this Court enter judgment in favor of the United States and against Robert L. Gavett for the unpaid balance of the assessments and accruals described in paragraph 6 above, plus additional accruals from March 1, 1999 in accordance with law;

B. That this Court order, adjudge, and decree that the federal tax liens described in paragraphs 18, 19 and 20 are valid and subsisting liens against all property and rights to property of Harold Johnson, and specifically the property described in paragraph 10;

C. That this Court determine that any interests held by Christian Management Company in the property described in paragraph 10 are held by it as a nominee and/or alter ego of Robert L. Gavett, who is the true and beneficial owners of such property;

D. That this Court determine and adjudge that the United States has a valid federal tax lien on the property in Breinigsville, PA, described in paragraph 10, and foreclose that lien;

  E. That the Court order the sale of the property described in paragraph 10 and distribute the proceeds to the United States; and

  F. That this Court award the United States its costs and such other relief as the Court deems just and proper.

Dated: June 10, 2002.

            PATRICK L. MEEHAN
            United States Attorney

            _____
            PAT S. GENIS
            Trial Attorneys, Tax Division
            U. S. Department of Justice
            Post Office Box 227
            Washington, DC  20044
            Telephone:  (202) 307-6390