IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:02-cv-3698 (WHY) |
| ) | |
| ROBERT L. GAVETT ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR SUMMARY JUDGMENT AND FOR JUDGMENT UNDER FED.R.CIV.P. 37

This is an action in which the United States seeks a judgment for the unpaid income taxes assessed against defendant, and the foreclosure of the federal tax lien against defendant's mobile home.

### STATEMENT

On March 14, 1994, a delegate of the Secretary of the Treasury of the United States assessed taxes against defendant, Robert L. Gavett, for unpaid Form 1040 individual income taxes for the years 1980 through 1987.  (Genis Decl. ¶¶ 3-10 & Exs. 1-8.)  As of March 1, 1999, the amount of unpaid income taxes plus statutory additions totaled $225,166.55.  (Genis Decl. ¶11.)  On March 30, 1998, a notice of Federal Tax Lien against Robert Gavett was filed in Lehigh County, Pennsylvania. (Genis Decl. ¶12 & Ex. 9.)

On July 30, 1989, defendant and his now-deceased wife, Rosemarie Gavett,

purchased a double-wide mobile home.[1] (Genis Decl. ¶14 & Ex. 11.) The mobile home purchase agreement listed the buyers as "Robert L. & Rosemarie Gavett for Christian Management Company." (Genis Decl. ¶14 & Ex. 11.) Fewer than three months later, on October 11, 1989, the Pennsylvania Department of Motor Vehicles issued a certificate of title for the mobile home which listed the owner as "Christian Management Company."' (Genis Decl. ¶16 & Ex. 13.) Christian Management Company was listed as having the same address as the Gavett's. (Genis Decl. Exs. 11, 13.) On August 24, 1998, an amended notice of federal tax lien was filed in Lehigh County, Pennsylvania against Robert Gavett a/k/a Christian Management Company. (Genis Decl. ¶13 & Ex. 10.) Defendant and his wife lived in the mobile home until her death, and defendant continues to reside there. (Genis Decl. ¶ 14.)

Defendant twice refused to appear for the United States to take his deposition. (Genis Decl. ¶¶21, 26.) Defendant was served with a notice of deposition on December 11, 2003 under Fed. R. Civ. P. 30, for a deposition to be held on December 30, 2003 at 10:30 a.m. (Genis Decl. ¶20 & Ex. 14.) The defendant failed to attend the deposition. (Genis Decl. ¶21.) On March 9, 2004, the United States filed a motion to compel defendant to attend a deposition. (Genis Decl. ¶22 & Ex. 16.) The Court issued an order on March 30, 2004, requiring defendant to attend a deposition scheduled by the Government. The United States served a notice of deposition on April 29, 2004, for a deposition to be held on May 24, 2004 at 10:30 a.m. (Genis Decl. ¶23 & Ex. 17.) In

---

[1] Rose Marie Gavett died on December 14, 1995. (Genis Decl. ¶15 & Ex. 12.)

response, the United States received on May 18, 2004, a letter from defendant returning the notice stating that the notice of deposition addressed to "Robert L. Gavett" did not apply to him because his name is "Robert Laurence Gavett." (Genis Decl. ¶24 & Ex. 18.) The United States served an amended notice of deposition on May 19, 2004, addressed to "Robert Laurence Gavett" for a deposition to be held on May 24, 2004. (Genis Decl. ¶25 & Ex. 19.) The defendant failed to attend the deposition. (Genis Decl. ¶26 & Ex. 20.)

## ARGUMENT

The United States is entitled to summary judgment against defendant to reduce the unpaid income tax assessments for 1980 through 1987 to judgment. The United States is entitled to entry of default against defendant adjudging that Christian Management Company is a nominee/alter ego of defendant and foreclosing the federal tax lien against the mobile home held in the name of Christian Management Company.

    1.    <u>The United States Is Entitled to Summary Judgment Under Fed.R.Civ.P. 56 to Reduce Tax Assessments to Judgment</u>.

        A.    <u>Standards for Summary Judgment Motions.</u>

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see also,</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986); <u>Matsushita Electronics Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Where, as here, the nonmoving party bears the burden of proof on an issue, the movant need not produce evidence showing the

absence of a genuine issue of material fact, but instead the movant may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325.

> B. The United States Is Entitled to Summary Judgment on Count I of Its Complaint Because the Certified Transcripts Prove That Defendant Owes the Assessed Income Taxes.

The Internal Revenue Code authorizes the Secretary of Treasury or his delegate to assess all taxes, including interest and additions to tax imposed by the Code. 26 U.S.C. § 6201. The assessments are presumed correct. Welch v. Helvering, 290 U.S. 111 (1933); Psaty v. United States 442 F. 2d 1154 (3d Cir. 1971); see also Higginbotham v. United States, 556 F. 2d 1173, 1175-76 (4th Cir. 1977); United States v. Besase, 623 F. 2d 463 (6th Cir. 1980), cert. denied, 449 U.S. 1062 (1980). Moreover, the Service's Certificates of Assessment and Payments are presumed correct, and are prima facie evidence of the adequacy and propriety of Internal Revenue Service tax assessments. Fisher v. United States, 61 F. Supp.2d 621, 630 (E.D. Mich. 1999); see also, Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993), cert. denied, 512 U.S. 1219 (1994); Blohm v. Comm'r, 994 F.2d 1542, 1548 (11th Cir. 1993); Hughes v. United States, 953 F.2d 531 535 (9th Cir. 1992); McCarty v. United States, 929 F.2d 1085, 1089 (5th Cir. 1991); United States v. Chila, 871 F.2d 1016, 1017-18 (11th Cir.), cert. denied, 493 U.S. 975 (1989). The burden is on the taxpayer to overcome this presumption by countervailing proof." United States v. Strebler, 313 F.2d 402, 403-404 (8th Cir. 1963).

Here, the certified transcripts show that defendant was assessed for Form 1040

individual income taxes for years 1980 through 1987, which he still owes, plus statutory additions.[2]  The amounts on the Service's certified transcripts are presumed correct. Defendant has not alleged any facts to rebut the presumption that the taxes assessed and the amounts assessed were in any way improper or incorrect.  In fact, defendant does not deny that he owes the taxes.  Instead, he asserts that the Service is authorized to assess only "taxes regarding activities involving Alcohol, Tobacco Products and Firearms."  (Ans. ¶ 2(b).)  The Court should grant summary judgment in favor of the United States and grant a judgment for the unpaid taxes.

---

[2]   The certified transcripts indicate that the Service assessed taxes against defendant as follows:

| Tax Year | Amount Assessed |
|---|---|
| 1980 | $16,549.45 |
| 1981 | $27,435.77 |
| 1982 | $32,280.17 |
| 1983 | $28,431.58 |
| 1984 | $17,571.29 |
| 1985 | $28,247.31 |
| 1986 | $14,815.18 |
| 1987 | $33,544.80 |

    2.    <u>The United States Is Entitled To Entry of Default Under Fed.R.Civ.P. 37 on Counts II and III of Its Complaint Because Defendant Twice Failed to Appear for His Noticed Deposition and Defied this Court's Order</u>.

        a.    <u>Fed.R.Civ.P. 37</u>.

Under Fed.R.Civ.P. 37, the Court may grant judgment against a party who fails to attend a properly-noticed deposition or who fails to obey a court order to provide or permit discovery. Rule 37(b) authorizes a court to impose a variety of sanctions where a party "fails to obey an order to provide or permit discovery." Fed.R.Civ.P. 37(b)(2). Rule 37(d) authorizes a court to impose the same sanctions where a party fails to "appear . . . [for a] deposition, after being served with a proper notice. Fed.R.Civ.P. 37(d). Rule 37 provides, in pertinent part, as follows:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court . . . may make such orders in regard to the failure as are just, and among others the following:
>
> \* \* \* \* \*
>
> (C) An order . . . rendering a judgment by default against the disobedient party.

Fed.R.Civ.P. 37(b)(2) (A-C). Rule 37(d) provides, in relevant part:

> If a party . . . fails . . . to appear before the officer who is to take the deposition, after being served proper notice . . . the court . . . may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed.R.Civ.P. 37(d). <u>See</u> <u>also</u>, <u>First Nat'l Bank of Washington v. Langley-Howard, Inc.</u>, 391 F.2d 207 (3d Cir. 1968) (court may enter default judgment or strike answer of

defendant who fails to appear for deposition); Valentine v. Museum of Modern Art, 29 F.3d 47, (2d Cir. 1994) (dismissal with prejudice rendered against *pro se* litigant for failure to appear for his deposition).

    2.    <u>The United States is Entitled to Entry of Default on Count II of Its Complaint alleging that Christian Management Company is a Nominee/ Alter Ego</u>.

As discussed above, the Court is authorized to order entry of default judgment under Rule 37 when a party fails to attend a properly-noticed deposition. In this case, defendant refused to appear for a deposition on December 30, 2003, which the United States properly noticed on December 11, 2003. The United States sought, and was granted, an order from this Court ordering defendant to appear for his deposition. Again, and this time in defiance of the Court's order, defendant failed to attend a deposition on May 24, 2004, which the United States properly noticed on April 29, 2004. Because defendant failed to appear at two properly-noticed depositions, the last time in defiance of the Court's order, the Court should order the Clerk to enter judgment in favor of the United States and against plaintiff on Count II and determine that the interest held by Christian Management Company in the mobile home is held by it as the nominee/alter ego of defendant, who is the true and beneficial owner of the mobile home.

    3.    <u>The United States is Entitled to Entry of Default on Count III of its Complaint to Foreclose the Federal Tax Lien against a Mobile Home held in the name of Christian Management Company.</u>

For the reasons discussed with respect to Count II above, the Court should order the Clerk to enter judgment in favor of the United States and against plaintiff on Count III foreclosing the federal tax lien against the mobile home.

**SUMMARY**

The service assessed defendant for Form 1040 federal individual income taxes for tax years 1980 through 1997 and filed notices of federal tax lien against defendant and his nominee/alter-ego, Christian Management Company.  The United States is entitled to summary judgment on Count I, reducing the assessments to judgment, and to entry of default on Counts II and III, that Christian Management Company is the nominee/alter ego of defendant and foreclosing the federal tax lien against the mobile home held in the name of Christian Management Company.

Dated: July 13, 2004.

                            Respectfully submitted,

                            PATRICK L. MEEHAN
                            United States Attorney


                             /s/    Pat Genis
                            PAT S. GENIS
                            Trial Attorney, Tax Division
                            U.S. Department of Justice
                            P. O. Box 227
                            Ben Franklin Station
                            Washington, D.C. 20044
                            Telephone: (202) 307-6390

Case 2:02-cv-03698-WY    Document 9-2    Filed 07/12/2004    Page 9 of 9