IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:02-cv-3698 (WHY) |
| | ) | |
| ROBERT L. GAVETT | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF PAT S. GENIS

The undersigned hereby declares as follows:

1.      My name is Pat S. Genis.  I am a trial attorney with the Tax Division of the United States Department of Justice in Washington, D.C.  In that position, I am responsible for representing the interests of the United States in the above-captioned case.

2.      As part of my duties, I have reviewed documents kept and generated by the Internal Revenue Service (Service) with respect to the above-captioned case.

3.      Attached here is a true and correct copy of Form 4340, Certificate of Assessments and Payments, for Robert L. Gavett, for the tax year ended December 31, 1980.  (Exhibit 1.)

4.      Attached here is a true and correct copy of Form 4340, Certificate of Assessments and Payments, for Robert L. Gavett, for the tax year ended December 31, 1981.  (Exhibit 2.)

5.    Attached here is a true and correct copy of Form 4340, Certificate of Assessments and Payments, for Robert L. Gavett, for the tax year ended December 31, 1982.  (Exhibit 3.)

6.    Attached here is a true and correct copy of Form 4340, Certificate of Assessments and Payments, for Robert L. Gavett, for the tax year ended December 31, 1983.  (Exhibit 4.)

7.    Attached here is a true and correct copy of Form 4340, Certificate of Assessments and Payments, for Robert L. Gavett, for the tax year ended December 31, 1984.  (Exhibit 5.)

8.    Attached here is a true and correct copy of Form 4340, Certificate of Assessments and Payments, for Robert L. Gavett, for the tax year ended December 31, 1985.  (Exhibit 6.)

9.    Attached here is a true and correct copy of Form 4340, Certificate of Assessments and Payments, for Robert L. Gavett, for the tax year ended December 31, 1986.  (Exhibit 7.)

10.    Attached here is a true and correct copy of Form 4340, Certificate of Assessments and Payments, for Robert L. Gavett, for the tax year ended December 31, 1987.  (Exhibit 8.)

11.    As of March 1, 1999, the federal income taxes assessed against defendant totaled $225,166.55.

12.    Attached here is a true and correct copy of a Notice of Federal Tax Lien, filed on March 30, 1998 with the Recorder of Deeds of Lehigh County, Pennsylvania, against Robert Gavett.  (Exhibit 9.)

13.    Attached here is a true and correct copy of an amended Notice of Federal Tax Lien, filed on August 24, 1998 with the Recorder of Deeds of Lehigh County, Pennsylvania, against Robert Gavett a/k/a Christian Management Company.  (Exhibit 10.)

14.    Attached here is a true and correct copy of the Green Acres Mobile Home Sales Purchase Agreement, dated July 30, 1989, which lists Robert L. and Rosemarie Gavett, Steinmetz Road, Bell Meade, NJ 08502 as purchasers of a mobile home "for Christian Management Company."  The mobile home is described as a Colony, serial number SN00455AB.  (Exhibit 11.)  Defendant and his wife lived in the mobile home until her death, and defendant continues to reside there.

15.    Rosemarie Gavett died on December 14, 1995.  (A true and correct copy of the death certificate is attached here as exhibit 12.)

16.    Attached here is a true and correct copy of a Certificate of Title for a Vehicle, dated October 11, 1989 issued to Christian Management Company, Steinmetz Road, Bell Meade, NJ 08502 for a mobile home.  The mobile home is described as a Colony, serial number SN00455AB.  (Exhibit 13.)

17.    I conducted a computer search, and found no record of a corporation named "Christian Management Company" in Pennsylvania or New Jersey.

3

18.     At my request, Revenue Officer Michael Stumpo  checked the Service's

records to determine whether the IRS assigned the  FEIN 23-2580116 to Christian

Management Company, as alleged in defendant's answer ¶ 2, and determined that the

Service has no record of this number.

19.     The Service's records indicate that defendant and his wife lived in the

mobile home until her death, and defendant continues to live there.

20.     Defendant was served with a notice of deposition on December 11, 2003

under Fed. R. Civ. P. 30, for a deposition to be held on December 30, 2003 at 10:30 a.m.

(A true and correct copy of the notice of deposition is attached here as exhibit 14.)

21.      The defendant failed to attend the deposition.  (A true and correct copy of

the deposition transcript is attached here as exhibit 15.)

22.     On March 9, 2004, the United States filed a motion to compel defendant to

attend a deposition.  The Court issued an order on March 30, 2004, requiring defendant

to attend a deposition scheduled by the Government.  (A true and correct copy of the

motion and attachments is attached here as exhibit 16.)

23.     The United States served a notice of deposition on April 29, 2004, notice a

deposition on for a deposition to be held on May 24, 2004 at 10:30 a.m.  (A true and

correct copy of the notice of deposition is attached here as exhibit 17.)

24.     In response, defendant returned the notice with a letter dated May 15,

2004, stating that the notice of deposition addressed to "Robert L. Gavett" did not apply

to him because his name is "Robert Laurence Gavett."  (A true and correct copy of the letter is attached here as exhibit 18.)

25.     The United States served an amended notice of deposition on May 19, 2004, addressed to "Robert Laurence Gavett."  (A true and correct copy of the amended notice of deposition is attached here as exhibit 19.)

26.     The defendant failed to attend the deposition.  (A true and correct copy of the deposition transcript is attached here as exhibit 20.)

27.     Based on defendant's answer, responses to notices of deposition, and failure to attend two scheduled depositions, despite the Court's order, the United States counsel determined that further efforts to obtain discovery would be futile.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on July 12, 2004

 /s/ Pat Genis
PAT S. GENIS