IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ROBERT L. GAVETT,<br>Defendant. | CIVIL ACTION<br><br>NO. 02-3698 |

**Memorandum and Order**

YOHN, J.                                                                                                                                                                                                                                                                                       August ___, 2004

      Plaintiff, the United States, seeks a judgment for eight years of unpaid income taxes assessed against *pro se* defendant, Robert L. Gavett,[1] and the foreclosure of the federal tax lien against defendant's mobile home.[2]

      Currently pending before the court is plaintiff's motion for summary judgment on Count I because defendant does not deny that he owes the assessed taxes and amounts due and because he has failed to present evidence to rebut the presumption that the assessment is correct. Plaintiff

---

[1] Defendant maintains that he is not *pro se*, yet he describes his status before the court as "*in propria persona*."

[2] On July 30, 1989, defendant and his now-deceased wife, Rosemarie Gavett (d. 1995), purchased a mobile home, where defendant still lives. Genis Decl. ¶¶14-15. The mobile home purchasing agreement listed the buyers as "Robert L & Rosemarie Gavett for Christian Management Company." Genis Decl. & Exh. 11. On October 11, 1989, the Pennsylvania Department of Motor Vehicles issued a certificate of title for the mobile home to "Christian Management Company." The address listed was the same as Gavett's. Genis Decl. ¶¶11, 13.

also asks this court to enter a default judgment against defendant on Counts II and III for failure to appear at his own deposition. *See* Doc. No. 9.

For the reasons explained below, I will deny defendant's motion.

**DISCUSSION**

**Summary Judgment (Count I)**

Plaintiff asks this court to grant summary judgment in its favor for eight years of unpaid taxes.[3]

**Standard of Review**

Either party to a lawsuit may file a motion for summary judgment, and it will be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). The moving party bears the initial burden of showing that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, the nonmoving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10

---

[3] On March 14, 1994, a delegate of the Secretary of the Treasury of the United States assessed taxes against defendant Robert L. Gavett, for unpaid Form 1040 individual income taxes for the years 1980 through 1987. Genis Decl. ¶¶3-10 & Exhs. 1-8. As of March 1, 1999, the amount of unpaid income taxes plus statutory additions totaled $225,166.55 Genis Decl. ¶11. On March 30, 1998, a notice of Federal Tax Lien against Gavett was filed in Lehigh County, Pennsylvania. Genis Decl. ¶12 & Exh. 9. An amended notice of federal tax lien was filed in Lehigh County, Pennsylvania, against Robert Gavett a/k/a Christian Management Company on August 24, 1998. Genis Decl. ¶13, Exh. 10.

(1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Ideal Dairy Farms,. Inc. v. John Lebatt, Ltd.* 90 F.3d 737, 743 (3d Cir. 1996) (citation omitted). The non-movant must present concrete evidence supporting each essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When a court evaluates a motion for summary judgment, "[t]he evidence of the non-movant is to be believed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Furthermore, "[a]ll justifiable inferences are to be drawn in [the non-movant's] favor." *Id*. "Summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Ideal Dairy*, 90 F.3d at 744 (citation omitted). However, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990). The non-movant must show more than "[t]he mere existence of a scintilla of evidence" for elements on which he bears the burden of production. *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted).

**Analysis**

The Internal Revenue Code requires the Secretary of Treasury to "make assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties)" imposed by the Code. 26 U.S.C. §6201. These assessments are presumed correct, and the burden

of going forward as well as the burden of persuasion are on the taxpayer to overcome this "presumption of correctness." *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir. 1971).

Defendant has not denied that he owes these taxes. Nor has he provided any evidence to rebut the presumption that the taxes and amounts assessed were correct. However, he has raised a litany of legal defenses (Answer ¶ 2a-i) to which the plaintiff has not responded.

Because the defendant has failed to deny that he owes taxes, and because he has not presented any evidence to rebut the presumption that the assessments are correct, he is not likely to prevail on the facts thus far presented. However, because the trial date is imminent and the plaintiff has not responded to his legal challenges, I will deny summary judgment.

**Default Judgment (Counts II and III)**

Pursuant to Rule 37(d), plaintiff also asks that I grant default judgment against Gavett on Counts II and III because he defied the order issued by this court and failed to appear for his own deposition.

Fed. R. Civ. P. 37(d) provides that if a party fails to attend his own deposition after being served with proper notice, the court "may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."[4] Plaintiff rests its request for default judgment against Gavett on

---

[4] Fed. R. Civ. P. 37(b) provides for the following sanctions:
(1) Sanctions by Court in District Where Deposition is Taken. If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that

subparagraph (C), which provides, among other sanctions, that the court may issue an order "rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C).

A district court may impose dismissal as the first sanction against a party who fails to comply with its discovery orders. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919

---

court.

(2) Sanctions by Court in Which Action Is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(3d Cir. 1992); *Ramada Franchise Sys. Inc. v. Patel*, 2004 U.S. App. LEXIS 11300 at *7 (3d Cir. Jun. 8, 2004); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 1998 U.S. Dist. LEXIS 8019 at *13 (E.D. Pa. May 5, 1998). However, "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 866 (3d Cir. 1984).

The Third Circuit has established the following list of factors (the *Poulis* factors) that courts must consider when determining whether to enter a default judgment against a party that fails to comply with a discovery order: (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense. *Poulis*, 747 F.2d at 868 (emphasis in original); *Ramada Franchise Sys. v. Patel*, 2004 U.S. App. LEXIS 11300 at * 8 (3d Cir. 2004). Not all of the *Poulis* factors need be met in order to issue a default judgment. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Ramada Franchise*, 2004 U.S. App. LEXIS 11300 at *8.

Gavett has twice failed to appear for a properly noticed deposition, the second time in violation of a court order. Genis Decl. ¶¶21, 26. Defendant was first served with a notice of deposition on December 11, 2003 pursuant to Fed. R. Civ. P. 30, for his deposition to be held December 30, 2003. Genis Decl. ¶20, Exh. 14. The defendant failed to attend the deposition. Genis Decl. ¶21. On March 9, 2004, plaintiff filed a motion with this court to compel defendant to attend his deposition after the defendant had failed to appear at the first scheduled deposition

6

on December 30, 2003. Notice of Deposition, December 11, 2003 (Pl.'s Exh. 14); Deposition transcript (Pl.'s Exh. 15). On March 29, 2004, I granted this motion and issued an order compelling defendant to attend oral deposition on a date and time to be designated by the United States. The United States notified defendant on April 29, 2004 of his deposition rescheduled for May 24, 2004. Pl.'s Exh. 17. On May 18, 2004, the plaintiff received a letter from defendant returning the notice, stating that the notice of deposition addressed to "Robert L. Gavett" did not apply to him because his name is "Robert Laurence Gavett." Pl.'s Exh. 18 at 2. In response, the plaintiff served defendant with an amended notice on May 19, 2004, addressed to "Robert Laurence Gavett" for a deposition to be held on May 24, 2004. Pl.'s Exh. 19. Defendant also failed to appear for this deposition. Pl.'s Exh. 20.

     Gavett did not respond to plaintiff's motion to compel discovery attendance or to the present motion.

     These facts show that defendant himself is responsible for his own failure to comply with the discovery order, that he has established a pattern of dilatoriness, and that his conduct was willful. Together, they strongly support plaintiff's motion for default judgment. However, the court is not satisfied from the record that there are no genuine issues of material fact with reference to the ownership of the mobile home. I will, therefore, deny the plaintiff's motion as to Counts II and III at this time, determine the factual issues at trial and then decide what sanctions are appropriate for the defendant's conduct in not attending his deposition. If the inability of the plaintiff to take the deposition of the defendant causes unfair prejudice to the plaintiff at the trial, I will grant a continuance in order to give the plaintiff an opportunity to cure the prejudice.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ROBERT L. GAVETT,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>NO. 02-3698 |

## Order

And now, this _____ day of August 2004, upon consideration of the plaintiff's motion for summary judgment and for entry of a default judgment (Doc. # 9), it is hereby ORDERED that the motion is DENIED.

_____

William H. Yohn, Jr., Judge