IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:02-cv-3698 (WHY) |
| ) | |
| ROBERT L. GAVETT ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

The United States of America, by and through its undersigned attorney, under the Court's order and Local Rule 16.1, submits its proposed findings of fact and conclusions of law to the Court.

FINDINGS OF FACT

1. On March 14, 1994, a delegate of the Secretary of the Treasury of the United States assessed taxes against defendant, Robert L. Gavett, for unpaid Form 1040 individual income taxes for the years 1980 through 1987.

2. As of March 1, 1999, the amount of unpaid income taxes plus statutory additions totaled $225,166.55.

3. As of August 30, 2004, statutory interest of $100,528 had accrued on this sum, for a total liability of $325,694.55.

4. On March 30, 1998, a notice of federal tax lien against Robert Gavett was filed in Lehigh County, Pennsylvania.

5. On July 30, 1989, defendant and his now-deceased wife, Rose Marie Gavett, purchased a double-wide mobile home.

6. Rose Marie Gavett died on December 14, 1995.

7. The mobile home purchase agreement listed the buyers as "Robert L. & Rosemarie Gavett for Christian Management Company."

8. On October 11, 1989, the Pennsylvania Department of Motor Vehicles issued a certificate of title for the mobile home which listed the owner as "Christian Management Company."

9. Christian Management Company was listed as having the same address as the Gavett's.

10. On August 24, 1998, an amended notice of federal tax lien was filed in Lehigh County, Pennsylvania against "Robert Gavett a/k/a Christian Management Company."

11. Defendant and his wife lived in the mobile home until her death, and defendant continues to reside there.

12. The filed pleadings indicate, and the Court judicially notices, that Patrick L. Meehan is the United States Attorney for the Eastern District of Pennsylvania.

13. The filed pleadings indicate, and the Court judicially notices, that Pat S. Genis is a trial attorney for the Tax Division of the Department of Justice.

CONCLUSIONS OF LAW

1. The Internal Revenue Code authorizes the Secretary of Treasury or his delegate to assess all taxes, including interest and additions to tax imposed by the Code. 26 U.S.C. § 6201.

2. The assessments are presumed correct. <u>Welch v. Helvering</u>, 290 U.S. 111 (1933); <u>Psaty v. United States</u> 442 F. 2d 1154 (3d Cir. 1971).

3. Moreover, the Service's Certificates of Assessment and Payments are <u>prima facie</u> evidence of the adequacy and propriety of Internal Revenue Service tax assessments. <u>Huff v. United States</u>, 10 F.3d 1440, 1445 (9th Cir. 1993); <u>Blohm v. Comm'r</u>, 994 F.2d 1542, 1548 (11th Cir. 1993); <u>Hughes v. United States</u>, 953 F.2d 531 535 (9th Cir. 1992); <u>McCarty v. United States</u>, 929 F.2d 1085, 1089 (5th Cir. 1991); <u>United States v. Chila</u>, 871 F.2d 1016, 1017-18 (11th Cir.), <u>cert. denied</u>, 493 U.S. 975 (1989).

4. The burden is on the taxpayer to overcome this presumption by a preponderance of the evidence. <u>Sullivan v. United States</u>, 618 F.2d 1001, 1008 (3d Cir. 1980).

5. Here, the certified transcripts show that defendant was assessed for 1040 individual income taxes as follows:

| Tax Year | Amount Assessed |
|---|---|
| 1980 | $16,549.45 |
| 1981 | $27,435.77 |
| 1982 | $32,280.17 |
| 1983 | $28,431.58 |
| 1984 | $17,571.29 |
| 1985 | $28,247.31 |
| 1986 | $14,815.18 |
| 1987 | $33,544.80 |

6. Defendant has not alleged any facts to rebut the presumption that the taxes assessed and the amounts assessed were in any way improper or incorrect.

7. In fact, defendant does not deny that he owes the taxes.

8. Accordingly, the United States is entitled to a judgment in its favor and against defendant in the amount of $325,694.55 plus statutory interest accruing until fully paid.

9. Defendant has asserted in his "answer" nine frivolous legal defenses which the Court rejects.

10. First, contrary to defendant's assertion, the four-year limitations period for an action on a debt is not applicable.

11. Rather, the relevant statute of limitations for the collection of federal income taxes is 26 U.S.C. § 6501, which provides that the United States has ten years from the date of assessment to collect the taxes. 26 U.S.C. § 6502.

12. The taxes at issue were assessed on March 14, 1994, which is within ten years of June 11, 2002, when the United States filed its complaint.

13. Second, section 6201 authorizes the Secretary of the Treasury to make "assessments of all taxes," not, as defendant claims, merely taxes involving alcohol, tobacco and firearms. 26 U.S.C. § 6201.

14. Third, defendant's assertion that neither Patrick L. Meehan nor Pat S. Genis has attached a "personal Delegation of Authority" has no merit.

15. The Attorney General is authorized to conduct litigation on behalf of the United States. 28 U.S.C. § 519; <u>Marshall v. Gibson's Products, Inc.</u>, 584 F.2d 668, 676 n.11 (5th Cir. 1978).

16. The Attorney General may delegate this authority to "any officer of the Department of Justice." 28 U.S.C. § 517.

17. Moreover, regulations promulgated under section 517 authorize the Tax Division to represent the United States in various tax matters in all courts, other than the Tax Court. 28 C.F.R. § 0.70; <u>Huff</u>, 10 F.3d at 1444.

18. Section 517 does not require a specific authorization from the Attorney General. <u>United States v. Allegheny-Ludlum Industries, Inc.</u>, 517 F.2d 826, 867 n.55 (5th Cir. 1975).

19. Fourth, contrary to defendant's assertion, 26 U.S.C. § 7401 does not limit the Secretary's authority to activities involving alcohol, tobacco and firearms, but authorizes the Secretary to collect or recover "taxes," including income taxes. 26 U.S.C. § 7401.

20. Fifth, defendant's arguments that there are no implementing regulations regarding 26 U.S.C. § 7402 or 28 U.S.C. § 1345 are irrelevant.

21. Section 7402 gives district courts jurisdiction over suits involving the internal revenue. 26 U.S.C. § 7402.

22. 28 U.S.C. § 1345 gives district courts jurisdiction over suits where the United States is the plaintiff. 28 U.S.C. § 1345.

23. This Court clearly has jurisdiction over this litigation under both 26 U.S.C. § 7402 and 28 U.S.C. § 1345.

24. Sixth, it is irrelevant whether, as defendant claims, the Code of Federal Regulations authorize plaintiff to make income tax assessments.

25. Seventh, the Secretary is authorized to make income tax assessments under 26 U.S.C. § 6201.

26. Eighth, defendant incorrectly asserts that proper notice and demand for payment under 26 U.S.C. § 6303 is implemented by 27 CFR Parts 53 and 70, and that both regulations relate solely to activities involved in alcohol, tobacco and firearms.

27. Title 26, not Title 27, provides the authority for proper notice and demand for payment of federal taxes. 26 U.S.C. § 6303; 26 C.F.R. 301.6303; <u>United States v. Updegrave</u>, 1977 WL 297074 (E.D. Pa. 1997).

28. Ninth, contrary to defendant's assertion that no action was commenced to perfect any liens, the United States filed a notice of federal tax lien against defendant, and an amended notice of federal tax lien against defendant, "a/k/a Christian Management Company," in Lehigh County, Pennsylvania, on March 30, 1998 and August 24, 1998, respectively.

29. These filings gave constructive notice of the federal tax liens under 26 U.S.C. § 6323.

30. Therefore, all defendant's legal defenses are frivolous and entirely without merit.

31.     Accordingly, the Court enters judgment in favor of the United States and against Robert L. Gavett in the amount of $325,694.55, plus additional accruals in accordance with law, from August 30, 2004 until the judgment is paid in full.

32.     The Court also concludes that the Christian Management Company is a fictitious nominee or alter ego of defendant, and that defendant is the true beneficial owner of the mobile home.

33.     The federal ten-year limitations period applies here, not, as defendant asserts, Pennsylvania's three-year period to bring an action against an alter ego for fraudulent conveyance.  26 U.S.C. § 6502; United States v. Summerlin, 310 U.S. 414, 416-17 (1940) (United States is not bound by state statutes of limitation when it sues in its governmental capacity); United States v. Atlantic Richfield Co., 1973 WL 540 (E.D. Pa. 1973) (same).

34.     A federal tax lien arises upon the assessment date after failure to pay and notice and demand, and attaches to all the taxpayer's property and rights to property, including real and personal property.  26 U.S.C. §§ 6321, 6322.

35.     A federal tax lien also attaches to property held by a third party on behalf of the taxpayer.  See 26 U.S.C. § 6321; Glass City Bank v. United States, 326 U.S. 265, 268 (1945).

36.     The United States has in an interest in property held by a taxpayer's nominee/alter ego to the same extent that the taxpayer does.  Id.

37. The United States may proceed against a nominee or alter ego of a taxpayer for the purpose of satisfying the taxpayer's obligations. Today's Child Learning Center, Inc. v. United States 40 F.Supp.2d 286, 272 (E.D. Pa. 1998); Ross Controls, Inc. v. United States, 160 B.R. 527, 532 (E.D. Pa. 1993); see also Lemaster v. United States, 891 F.2d 119, 119 (6th Cir. 1989) (property in the hands of an alter ego is properly seizable).

38. The critical factors to determine alter ego status include who has active or substantial control of the property and the similarities that exist between the parties.

39. In this case, defendant has complete control of the property.

40. Defendant and his wife lived in the mobile home until her death, and defendant continues to live there.

41. The similarities and relationship between defendant and "Christian Management Company" is substantial.

42. According to the mobile home purchase agreement, the buyers were "Robert L. & Rosemarie Gavett for Christian Management Company."

43. There is, however, no evidence that "Christian Management Company" is an actual entity or that it has ever existed.

//
//
//

44.     Accordingly, the Court orders that the mobile home be sold and the proceeds distributed to the United States up to the amount of the federal taxes due plus accruals.

DATED:     August 10, 2004.

                                      Respectfully submitted,

                                      PATRICK L. MEEHAN
                                      United States Attorney

                                        /s/ Pat Genis
                                        PAT S. GENIS
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P. O. Box 227
                                        Washington, D.C. 20044
                                        Telephone: (202) 307-6390

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:02-cv-3698 (WHY) |
| | ) | |
| ROBERT L. GAVETT | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that UNITED STATES' PROPOSED FINDINGS OF FACT AND

CONCLUSIONS OF LAW was served on August 10, 2004, by mailing a copy first class

mail, postage prepaid, addressed as follows:

> Robert Laurence Gavett
> 1115 Cypress Court
> Breiningsville, PA  18031

>         /s/ Pat Genis
> PAT S. GENIS