IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:02-cv-3698 (WHY) |
| ) | |
| ROBERT L. GAVETT ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' POST-TRIAL MEMORANDUM

The Court conducted a trial in this matter on August 30, 2004. At the conclusion of the trial, the Court granted judgment in favor of the United States and against defendant, Robert L. Gavett, for unpaid federal income taxes, and determined that the United States has valid and subsisting liens against all property and rights to property of Robert L. Gavett. The Court ordered the United States to submit an order setting forth its determinations. An order is submitted with this post-trial memorandum. The Court further ordered the United States to submit legal authority that the Court has the authority to order the sale of the mobile home at issue in this case without the United States filing a separate foreclosure action. The following is in response to the Court's order.1/

### STATEMENT

On March 14, 1994, a delegate of the Secretary of the Treasury of the United States assessed taxes against Robert L. Gavett, for unpaid Form 1040 individual income

---

1/   The United States is also submitting simultaneously with this post-trial memorandum a motion for the sale of property and a proposed order of sale.

taxes for the years 1980 through 1987. On March 30, 1998, a notice of Federal Tax Lien against Robert Gavett was filed in Lehigh County, Pennsylvania. Count I of the United States' complaint sought a judgment for the unpaid federal income taxes.

On July 30, 1989, Gavett and his now-deceased wife, Rosemarie Gavett, purchased a double-wide mobile home, for which they had the Pennsylvania Department of Motor Vehicles issue a certificate of title in the name of "Christian Management Company." On August 24, 1998, an amended notice of federal tax lien was filed in Lehigh County, Pennsylvania against Robert Gavett a/k/a Christian Management Company. Count II of the United States' complaint sought an order determining that Christian Management Company was the nominee and/or alter ego of Robert L. Gavett. The Court determined, among other things, that the Christian Management Company was a fictitious entity and Robert L. Gavett was the true owner of the mobile home, since his wife is now deceased.

Count III of the United States' complaint sought an order foreclosing the federal tax liens against the mobile home and an order to sell the mobile home with the proceeds to be distributed to the United States.

ARGUMENT

The Court Has Authority Under 26 U.S.C. § 7403 to Order the Sale of the Mobile Home.

A federal tax lien arises upon the assessment date after failure to pay and notice and demand, and attaches to all the taxpayer's property and rights to property, including real and personal property. 26 U.S.C. §§ 6321, 6322. A federal tax lien also attaches to property held by a third party on behalf of the taxpayer. See 26 U.S.C. § 6321; Glass City Bank v. United States, 326 U.S. 265, 268 (1945).

The Court has the authority to adjudicate all matters involved in a suit, such as this one, to enforce a federal tax lien and/or to subject property to the payment of taxes. 26 U.S.C. § 7403. The Court must adjudicate all the matters raised in the suit and determine the merits of all claims to and liens upon the property at issue, and has the authority to order the sale of the property and distribute the proceeds.2/ See, e.g., United States v. Doyle, 276 F.Supp.2d 415, 432 (W.D. Pa. 2003) (court ordered sale of property); United States v. Klimek, 952 F.Supp. 1100, 1112, 1118 (E.D. Pa. 1997) (same).

---

2/     Section 7403(c) provides that a Court

> shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established may decree a sale of such property, by the proper officer of the court and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

In this case, the United States filed a complaint seeking an order, among other things, to foreclose federal tax liens against defendant's mobile home, to sell the mobile home and to distribute the proceeds to the United States.  It is clear, therefore, that the United States' complaint stated an action for foreclosure of the tax liens.  It is also clear that the only person having an interest in the property, Robert L. Gavett, had notice of this action.  Thus, under section 7403, the Court has authority to order the sale of the mobile home and to distribute the proceeds to the United States, and should do so.

Moreover, it is clear that contingent claims can be joined and adjudicated in the same proceeding with a claim for debt.  See Fed.R.Civ.P. 18(b).  Rule 18(b) provides that "[w]henever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action."  This rule is applied most often to fraudulent conveyance claims dependent upon the prior adjudication of a debt in favor of the plaintiff.  But it has also been applied in other contexts, including foreclosure of mortgages.  See Etten v. Lovell Mfg., 4 F.R.D. 233, 234 (W.D. Pa. 1945); Midwest Financial Acceptance Corp. v. Se-Fish Associates, 2000 WL 743993 (W.D.N.Y. 2000).  Thus, under Rule 18(b) it is permissible for the United States to join a claim for debt (tax claim) with a lien foreclosure claim and a request for the remedy of a judicial sale.

CONCLUSION

The Court has determined that the United States has valid and subsisting liens against defendant's mobile home.  Accordingly, the Court should order the sale of the home and distribute the proceeds to the United States.

Dated:      September 7, 2004.

      Respectfully submitted,

      PATRICK L. MEEHAN
      United States Attorney

      _/s/ Pat Genis_
      PAT S. GENIS
      Trial Attorney, Tax Division
      U.S. Department of Justice
      P. O. Box 227
      Washington, D.C. 20044
      Telephone: (202) 307-6390

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:02-cv-3698 (WHY) |
| ) | |
| ROBERT L. GAVETT ) | |
| ) | |
| Defendant. ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that UNITED STATES' POST-TRIAL MEMORANDUM and proposed ORDER, were served on September 7, 2004, by mailing a copy first class mail, postage prepaid, addressed as follows:

>Robert Laurence Gavett
>1115 Cypress Court
>Breiningsville, PA  18031

>/s/ Pat Genis
>PAT S. GENIS