IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:02-cv-3698 (WHY) |
| ) | |
| ROBERT L. GAVETT ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' MOTION FOR ORDER DIRECTING
SALE OF PROPERTY

_____PLAINTIFF, the UNITED STATES, by its undersigned counsel, seeks an order for the sale of the mobile home that is the subject of this suit in accordance with the Court's order entered on _____, 2004.

As grounds for this motion, the Court is respectfully referred to the memorandum submitted in support of this motion. A proposed order is also submitted.

Dated: September 7, 2004

                                                   Respectfully submitted,

                                                   PATRICK L. MEEHAN
                                                   United States Attorney


                                                     /s/ Pat Genis
                                                   PAT S. GENIS
                                                   Trial Attorney, Tax Division
                                                   U.S. Department of Justice
                                                   P. O. Box 227
                                                   Washington, D.C. 20044
                                                   Telephone: (202) 307-6390

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:02-cv-3698 (WHY) |
| ) | |
| ROBERT L. GAVETT ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION FOR ORDER
DIRECTING SALE OF PROPERTY

By order entered on _____, 2004, the Court granted judgment in favor of the United States and against defendant, Robert L. Gavett. The Court granted a money judgment on count I of the United States' complaint, and determined, on counts II and III, that the United States has valid and subsisting liens against all property and rights of property of Robert L. Gavett, including the mobile home at issue in this case.

The United States now seeks an order directing the sale of the mobile home. The United States respectfully suggests that it is not necessary to hold a hearing to determine the official to conduct the sale of the mobile home and how the proceeds of the sale are to be distributed because the sale is controlled by statute. See 28 U.S.C. § 2001 et seq. Either the United States Marshal's Office or an IRS Property Appraisal & Liquidation Specialist ("PALS") may conduct the sale under the auspices of the Court.[1]

---

[1] A "judicial sale 'shall be upon such terms and conditions as the court directs,' see 28 U.S.C. § 2001(a), and the court has broad discretion in setting the terms and

Moreover, there should be no dispute as to the distribution of the sale proceeds. First, costs of the sale of the mobile home, such as advertising, are paid. From the sale of the mobile home, the local taxes, if any, will have to be paid ahead of the United States (see 26 U.S.C. § 6323(b)(6); see also United States v. Kudasik, 21 F.Supp.2d 501, 510 (W.D. Pa. 1998)), with the balance of the sale proceeds to be paid to the United States. The net sale proceeds from the sale that the United States receives will be applied to the income tax liabilities of Robert L. Gavett. Although no surplus is expected, a surplus would be paid to Gavett.

Accordingly, the United States respectfully requests that the Court approve the proposed order of sale tendered with this motion. The proposed order directs the sale of the mobile home under such reasonable terms and conditions as stated therein.

Alternatively, the Court should set a post-judgment hearing on this matter.

Finally, although there has been no offer to settle in this case, even if Robert L. Gavett should make an offer to settle, the United States can simultaneously process and consider such an offer, and start the process of selling the mobile home with an order of sale in place.

---

conditions of a judicial sale." United States v. Simmons, 2000 WL 33138083 at * 1 (E.D. Cal. 2000) (citing, among other cases, United States v. Branch Coal Corp., 390 F.2d 7, 10 (3d Cir. 1968)), reconsideration denied, 2001 WL 710625 at * 2 (E.D. Cal. 2001).

Furthermore, "28 U.S.C. §§ 2001 and 2002 d[o] not mandate [a] sale by the United States Marshal and d[o] not prohibit the court from delegating the sale to the IRS." Id. Moreover, the inability of the United States Marshal "to conduct the sale at this time provided good cause to allow the IRS to conduct the sale." Id.

2

CONCLUSION

For the foregoing reasons, this motion ought to be granted.

Dated: September _____ 2004.

                                          Respectfully submitted,

                                          PATRICK L. MEEHAN
                                          United States Attorney

                                          /s/ Pat Genis
                                          PAT S. GENIS
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P. O. Box 227
                                          Washington, D.C. 20044
                                          Telephone: (202) 307-6390

Case 2:02-cv-03698-WY    Document 16-3    Filed 09/07/2004    Page 5 of 12

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:02-cv-3698 (WHY) |
| ) | |
| ROBERT L. GAVETT ) | |
| ) | |
| Defendant. ) | |

ORDER OF SALE

\_\_\_\_\_AND NOW, this \_\_\_\_ day of _____, 2004, following a trial in this matter on August 30, 2004, and pursuant to the Court's judgment in favor of the United States and against defendant, ROBERT L. GAVETT entered on _____, 2004, and plaintiff's motion for an order directing the sale of properties, it is

ORDERED, ADJUDGED AND DECREED:

1. That the federal tax liens, described in the plaintiff's complaint, are valid and subsisting tax liens upon all property and rights to property of Robert L. Gavett as of the dates of the assessments made against him, specifically including the property described below.

2. That the federal tax liens are foreclosed upon the property described below:

> The double-wide mobile home, Colony 2004, Vehicle Identification Number SN00455AB, Pennsylvania Department of Transportation Title Number 42331442001 CH, located at 1115 Cypress Court, Breinigsville, PA 18031,

2

AND IT IS FURTHER ORDERED:

1. That the United States Marshal in and for the Eastern District of Pennsylvania or his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("the PALS"), is authorized under 28 U.S.C. §§ 2001 and 2002 to offer for sale at public auction, the above-described mobile home.[2]

2. That the mobile home be sold by public auction at a time and place situated in LeHigh County, Pennsylvania, either on the premise itself or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, to be announced by the United States Marshal or the PALS after first being advertised once each week for four (4) consecutive weeks preceding the time fixed for such sale in a daily newspaper of general circulation in LeHigh County, Pennsylvania and by any other notice that the United States Marshal or his/her representative, or the PALS in his/her discretion may deem appropriate. The notice of sale shall contain a description of the mobile home and shall contain the terms and conditions of sale in this order and decree.

3. That the mobile home shall be sold to the highest bidder with plaintiff having the right to withdraw the property from bidding at any time prior to the acceptance of a bid, if in plaintiff's opinion, the bids are inadequate. In this regard, if there are any local municipal liens for any delinquent taxes regarding the mobile home

---

[2]Plaintiff shall make the arrangements for the United States Marshal's Office or the PALS to sell the mobile home as set forth in this order. Plaintiff may choose either the United States Marshal or the PALS to carry out the sales under this order.


3

described above, the United States shall obtain from the municipality a bill, statement or claim for such delinquent taxes and deliver same to the United States Marshal or the PALS ten days in advance of said sale.  Satisfaction of any municipal tax liens shall be from the sale proceeds pertaining to the property subject to such liens, and the properties shall be sold free and clear of such municipal liens.

4. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the premises, and easements and restrictions of record, if any.

5. That said mobile home shall be sold free and clear of the federal tax liens, and free of all claims, if any, of the parties to this action.

6. That no bid (except as to the United States) shall be accepted unless the same is accompanied by a certified check or a cash deposit of at least ten percent (10%) of the amount of the bid.  Before being permitted to bid at the sale, bidders shall display to the United States Marshal, his/her representative, or to the PALS proof that they are able to comply with this requirement.  No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the deposit required by this order.

7. That the balance of the purchase price shall be paid to the United States Marshal or the PALS (whichever person is conducting the sale as arranged by counsel for the United States) within sixty (60) days after the date the bid is accepted.  Payment shall be by a certified or cashier's check payable to the United States Marshal for the

Eastern District of Pennsylvania if the sale is conduct by the Marshal or to the Clerk of the United States District Court for the Eastern District of Pennsylvania in the case of the PALS. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be returned to the bidder, and the mobile home shall be again offered for sale under the terms and conditions of this order and decree.

8. The sale of the mobile home shall be subject to confirmation by this Court. On confirmation of the sale, the United States Marshal or the PALS shall execute and deliver a deed of judicial sale conveying the mobile home to the purchaser(s). On confirmation of the sale, all interests in, liens against, or claims to, the mobile home that are held or asserted by plaintiff or the defendant in this action are discharged and extinguished.

9. No later than twenty (20) days after receipt of the balance of the purchase price, the United States Marshal or the PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed.

10. The Prothonotary of LeHigh County, Pennsylvania, shall proceed to record the deed in favor of the purchaser(s).

11. Pending the sale of the above-described mobile home as ordered herein, and for the purposes of preserving the mobile home and placing it in a proper condition for sale, the United States Marshal or the PALS is authorized to take possession and custody of the mobile home, to have free access to the premises and to take all action

2

necessary to preserve said property between the date of this order and date of confirmation of sale by this Court.

12. Until the mobile home is sold, Robert L. Gavett may remain on the premises of the mobile home and shall take all reasonable steps necessary to preserve that mobile home (including all improvements, fixtures and appurtenances on the mobile home) in its current condition including, without limitation, maintaining fire and casualty insurance on the mobile home at his own expense. Robert L. Gavett shall not commit waste against the mobile home, nor shall he cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the mobile home, nor shall he cause or permit anyone else to do so. He shall take no action which may tend to deter or discourage potential bidders from participating in the public auction. Robert L. Gavett shall continue to make any payments required on the mobile home until such time as the mobile home is sold.

13. Until the mobile home is sold, Robert L. Gavett bears the risk of loss, if any, regarding the mobile home. And should the mobile home be destroyed prior to its sale, and Robert L. Gavett be entitled to insurance proceeds, such insurance proceeds shall be paid into Court.

14. That upon the sale of the mobile home, Robert L. Gavett and all other persons (if any) occupying the mobile home shall permanently leave and vacate the premises taking with them their personal property (but leaving all improvements, buildings, fixtures and appurtenances to the mobile home). If Robert L. Gavett or any

3

other person occupying the mobile home fails to vacate, the United States Marshal's Office alone is hereby authorized to take whatever action it deems appropriate to remove Robert L. Gavett and any other such person from the premises even if the sale of the mobile home is conducted by the PALS. If Robert L. Gavett (or any other person) fails to likewise remove his personal property, such property is deemed abandoned and the United States Marshal's Office is authorized to dispose of such personal property in any manner it deems appropriate, including but not limited to the sale of such personal property. The proceeds of the sale of any personal property shall be applied first to the expenses of sale, and then remitted to the plaintiff to be applied towards the income tax liabilities of Robert L. Gavett set forth in the Court's order entered on _____, 2004.

15. If the United States Marshal for the Eastern District of Pennsylvania conducts the sale of the mobile home, then proceeds from the sale of the above-described mobile home shall be distributed in the following order:

   A. The expenses of the sale to the United States Marshal from the sale of the mobile home;

   B. To satisfy the delinquent taxes of any local municipality pertaining to the mobile home as stated in paragraph 3 above, to any municipality if applicable;

   C. To the United States;

   D. Any surplus of the sale proceeds from the mobile home to Robert L. Gavett.

16. If the PALS conducts the sales of the mobile home, plaintiff shall apply to the Court for a distribution order requiring the Clerk of the Court to make payments in accordance with and under the conditions set forth in paragraph 15A (except that expenses of sale to the PALS) through 15 C above.

17. No later than thirty days after distributing the proceeds, if any, the United States Marshal or the PALS, as appropriate, shall file a final report of distribution with the Court after which the Court will close the case.

_____
UNITED STATES DISTRICT JUDGE